Totten, J.,
delivered the opinion of the court.
The case is an issue of devisavit vel non, on a writing, purporting to be the will of Margaret Thompson, deceased. It was tried at the May term, 1850, of the circuit court of Wilson, and the verdict was, that said writing was the last will and testament of the deceased. The defendants moved for a new trial, and the motion being overruled, and judgment rendered on the verdict, they have appealed in error to this court.
The script in question, is dated 2d January, 1850, is executed by the testatrix, by making her mark, and is attested by two witnesses; it disposes of a number of negro slaves, stock, and other personal effects. There was proof that the testatrix stated her age to be seventy-three years, and there was other proof, that it was from sixty to seventy years. She was never married, and for several years was addicted to the excessive use of opium, and ardent spirits. At the execution of the will, she was in a bed of sickness, and a few days thereafter died. The only persons present at the execution of the *200 will, were the attesting witnesses, and Dr. John J. Gleaves; some person having told Mrs. Searcy, and the attending negro woman, Nancy, to retire, when the witnesses went in. The will was read to the testatrix, at the suggestion of witness, G. J. Gleaves, who read a part of it, and the balance was read by Dr. Gleaves, and he then held her hand, whilst she made her mark to the will. Dr. Gleaves, in the character of a friend, is a principal legatee under the will, and one of its executors. The attesting witnesses, and others proved, that the testatrix was of sound mind, and there was some proof also, that she was not of sound mind.
The court, amongst other matters, not excepted to, instructed the jury, “that if they believed the will was read to the testatrix correctly, and that she was of sound mind, the legal presumption would be, that she understood its contents.”
The question is, whether, in the circumstances of the case, there was error in this instruction to the jury, for which a new trial should be granted.
Assuming in favor of the correctness of the instruction, that the legal presumption referred to, was not conclusive, but disputable, then what are we to understand by such presumption? It is where the law defines the nature and amount of the evidence which it deems sufficient to establish a prima facie case, and to throw the burden of proof on the other party, and if no opposing evidence is offered, the jury are bound to find in favor of the presumption?” 1 Greenleaf Ev., § 33. Thus, if a testable capacity, and the fact of execution be made to appeal', it is to be presumed, in the absence of opposing facts, that the testator had knowledge of, and assented to the contents of the will. 1 Jarman on Wills, 46; 7 Humph. Rep., 332. But this is a presumption which may be disputed and rebutted. The legal presumption is merely prima facie, and this modification is a part of the rule itself, and is that which distinguishes it from that other class of pre *201 sumptions, which the law deems conclusive, and against which, no averments or proof can be made. Now, in the present case, the rule is stated imperfectly, and in part only, because it is stated without the qualification, which constitutes, as we have seen, an essential element of the rule. This we think was error, and such as might have had an injurious influence upon the verdict of the jury, for there are facts and circumstances in the case, well calculated to excite the suspicion and apprehension of the jury, that the testatrix was not well advised of the contents and effect of the will at the time it was executed. It is somewhat complicated in its provis-iong; it was misapprehended by the attesting witnesses, who heard it, when it was read to the testatrix; it does not appear that she could read it for herself, or that it had before been read and explained in her hearing. It may well be presumed, that from the use of opium and ardent spirits, to which she was for many years addicted, and from her great age, her mental faculties had become so enfeebled and impaired, that she would not be very ready to apprehend and understand the provisions of a complicated will, as it was read to her, without explanation. We observe, too, that it was in part read to her by the principal legatee, and it was assumed, and assented to in the argument, that it was also written by him, but as this latter fact does not appear in the record, we leave it entirely out of the case, as forming no reason or ground for our private judgment. We see in these facts and circumstances, a mass of rebutting evidence, bearing directly on the point in issue, which should have been considered by the jury in forming their verdict; but acting upon the legal presumption stated by his Honor, without its inherent and necessary qualification we cannot say that these rebutting facts were considered, but are left to infer indeed, that they were wholly overlooked, and that the jury were governed alone by the legal presumption, predicated upon the facts, that the testatrix *202 was of sound mind, and that the will was correctly read to her. We do not intend to intimate any opinion as to the deduction of facts that should be drawn from the evidence in the case; that under proper instructions from the Judge, is the peculiar province of the jury. We may further observe, that if there were no evidence in the case, opposed to the legal presumption in question, we should let the case rest upon that presumption, though imperfectly stated by the Judge to the jury, as in such case, no possible injury could have resulted to the other party. But we have seen that this was not the state of the case; there was evidence to support the pre sumption, and there was evidence likewise, to oppose it; and hence it became necessary, that the rule of evidence in question, should have been stated with its inherent and essential qualification. It follows, that for this error of the Judge, the motion for a new trial should have been granted.
The judgment will be reversed, and the case remanded for a new trial.